UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINA DEHART<br>2 Alder Drive, Apartment E<br>Baltimore, MD. 21220<br><br>　　Plaintiff<br><br>v.<br><br>MARIA LOPEZ<br>3333 10th Avenue<br>Apartment 303<br>Washington, DC 20032<br><br>　　Defendant | *<br><br>*<br><br>*<br><br>*　　Case No.:<br><br>*<br><br>*<br><br>*<br><br>* |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## COMPLAINT

Comes now the Plaintiff, Christina Dehart, by the undersigned Counsel, and files the following complaint against Maria Lopez for the following reasons states:

## PARTIES

1.　Christina Dehart ("Dehart") is an individual resident of Baltimore County and the State of Maryland.

2.　Maria Lopez ("Lopez") owns property located at 3333 10th Avenue, Washington, D.C. 20032 and upon information and belief, is the owner and upon information and belief, is the owner and/or property manager responsible for maintenance, upkeep and good conduct of property.

## JURISDICTION AND VENUE

3.　Jurisdiction lies with the Court under 11 U.S. C 1332 pertaining

to diversity of citizenship, a federal question and due to the amount in controversy exceeding Seventy-Five thousand ($75,000.00) Dollars. A least one of the Defendants being sued is based and operates outside the State of Maryland and is a resident in Washington D.C.

4. As the Plaintiff resides in Maryland, venue lies with the District of Maryland.

**FACTS**

5. On or about the 1st day of August, 2004, the Plaintiff Dehart, was lawfully, carefully and in the exercise of due care for her own safety, visiting apartment 104 property located at 3333 10th Avenue, SE Washington, D.C., which was owned and/or managed by the Defendant Lopez when the Plaintiff Dehart descended a staircase located in the common area of the property to exit and the railing collapsed, causing her to fall and sustain personal injury.

6. That the Defendants, and their agents, servants, and employees, knew or should have known, and were aware or should have been aware; that the railing in question was in a state of disrepair, and owed to invitees, including the Plaintiff Dehart, a duty to maintain the premises in a safe condition. In addition, that areas inside Apartment 101 were also in disrepair, which was either known or should have been known.

7. That the Defendant was required to use reasonable and ordinary care to maintain the premises safely for the invitee(s) lawfully proceeding thereon, and knew or should have known and were aware or should have

been aware that the aforesaid dangerous condition existed on said railing and steps.

8. The Defendant, and its agents, servants and employees, knew or should have known and were aware or had a duty to be aware that tenants and/or their invitees could not discover this unreasonable risk or harm with the use of ordinary care and, therefore, could not protect themselves against injury from same.

9. That the Plaintiff Dehart was an invitee on the property and, as such, the Defendant, and her agents, servants, and employees, owed the Plaintiff a duty to use reasonable and ordinary care to maintain the premises safely, and to protect her against injury caused by an unreasonable risk, which she, by exercising ordinary care, could not discover.

10. That the Defendant breached the duties owed to the Plaintiff and was negligent in that she failed to maintain the premises safely for invitees, failed to protect invitees against injury caused by an unreasonable risk or harm which the Plaintiff by exercising ordinary care would not discover, failed to warn of the existence of such condition or danger created thereby, and failed to inspect its premises to see that it was safe for the purposes for which the Defendants held it out to Plaintiff and others.

11. That the Plaintiff Dehart says that, as a result of the aforesaid negligence of the Defendant and her agents, servants and employees, she was caused to fall and strike her body and limbs. She was, is and will in the future be caused to suffer and sustain serious, painful and permanent

injuries to her body and limbs, was, is and will in the future be caused to suffer and sustain great physical pain and mental anguish as a result of said injuries, was caused to seek and receive medical treatment for injuries, was caused to expend considerable sums of money therefore, was prevented and precluded from engaging in her usual activities, duties and occupation as manager at McDonald's for a considerable amount of time, and was otherwise injured and damaged.

    12.   That the Plaintiff says that all of her injuries, damages, and losses, past, present and prospective, were, are and will be caused solely by reason of the negligence of the Defendant and her agents, servants and employees, without and negligence on the part of the Plaintiff contributing directly thereunto.

    13.   WHEREFORE, this suit is brought and the Plaintiff, Dehart, claims Five Hundred Thousand ($500.000.00) dollars in compensatory damages, plus costs.

HOFFMAN & HOFFMAN, PA

By:_____
CHARLES F. CHESTER
Bar No.: 17445
Of Counsel
301 N. Charles Street
Suite 804
Baltimore, MD 21201
(410) 685-1156
Of Counsel
Attorney for Plaintiff

I HEREBY CERTIFY that I am a member in good standing of the D.C. Bar and it's Federal Court.

By:_____
CHARLES F. CHESTER

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues and counts.

By:_____
CHARLES F. CHESTER