UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jackie McNeil** | : |
| | : |
| **and** | : |
| | : CASE NO. 03 CV 01754 (RBW) |
| **Reginald McNeil** | : |
| | : |
| **Plaintiffs** | : |
| **v.** | : |
| | : |
| **Washington Metropolitan Area** | : |
| **Transit Authority** | : |
| | : |
| **Defendant.** | : |

## MEET AND CONFER STATEMENT

The Parties, through counsel, and pursuant to L Cv R 16.3, submit the instant report of their meeting of November 17, 2003. A proposed Scheduling Order is attached herewith.

1. <u>Status of Dispositive Motions</u>: The Defendant may file a motion for summary judgment as to all claims. However, discovery must be completed before the Defendant can determine whether such a motion is appropriate.

2. <u>Joinder / Amended Pleadings</u>: The Plaintiff has alleged that she slipped and fell on ice on the "pathway designed and intended for egress to the L'Enfant Plaza MetroRail Station." The Defendant contends that the Plaintiff's description of the area of her fall is insufficient to permit determination whether the Defendant had any duty to maintain the area -- or whether some other person or entity had or shared said duty. Accordingly, it is possible that the Defendant may join a third party. After discovery, the parties may be able to stipulate or narrow this issue.

3. <u>Assignment to Magistrate Judge</u>: The Defendant does not object to the

assignment of this case to a magistrate judge. The Plaintiff has demanded a jury trial.

4. <u>Settlement Possibility</u>: Because liability is in issue, it is doubtful that settlement can be reached in this case. Certainly it will not be possible until the conclusion of discovery.

5. <u>ADR</u>: For the reasons set forth in (4), the Defendant WMATA is of the opinion that ADR would be of little use until after the conclusion of discovery.

6. <u>Dispositive Motions</u>: The parties agree that dispositive motions shall be filed within 45 days after the close of discovery. Any opposition to a dispositive motion must be filed within 14 days of the filing of the motion. Replies must be filed within 10 days of the service of the opposition.

7. <u>Initial Disclosures</u>: The parties waive the initial disclosures requirement of FRCP 26(a)1. However, the parties agree to provide the information contemplated by that Rule in response to specific discovery requests. The parties will make expert disclosures pursuant to FRCP 26(a)(2) and the Court's Scheduling Order.

8. <u>Extent of Discovery</u>: The parties agree that discovery requests should be served by December 30, 2003. Discovery should close by March 30, 2004. Interrogatories should be limited to 25 by the Plaintiff and 25 by the Defendants, collectively. Because the necessity of other parties to this action may be determined by the precise location of the Plaintiff's alleged fall, the parties have agreed that the Defendant may depose the Plaintiff Jackie McNeil for the limited purpose of making that determination. The parties have further agreed that this will not prevent the Defendant(s) from deposing the Plaintiffs at a later date. The

parties agree to the following schedule of discovery:

    a.    Plaintiff's Identification of Experts pursuant to FRCP 26(a)(1):   **January 26, 2004**

    b.    Defendant's Identification of Experts pursuant to FRCP 26(a)(1):   **One month following Plaintiff's Identification of Experts**

    c.    Discovery Closes:   **One month after Defendant's Identification of Experts**

    d.    Dispositive Motions:   **45 days after close of discovery**

    e.    Opposition to Dispositive Motions:   **14 days after filing of Dispositive Motions**

    f.    Replies to Oppositions:   **10 days following the filing of Opposition**.

9. <u>Experts</u>:  The parties agree to make expert disclosures consistent with the foregoing; except that parties agree to waive the requirement of FRCP 26(a)(2)B to list experts' trial and deposition testimony within the last four (4) years.  The parties reserve the right to inquire about these matters, however, during deposition or trial examination of any expert witness.

10. <u>Class Action Procedures</u>:   Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:   The parties do not anticipate a need for bifurcation.  However, they reserve the right to request same, should the evidence merit.

12. <u>Proposed date for the Pretrial Conference</u>:   After discovery is closed and after decision by the Court on any dispositive motions.

13. <u>Trial Date</u>:   Should be set at the pretrial conference for 60 days thereafter.

14. <u>Statement of the Case</u>:  The Plaintiff alleges that she fell on December 6, 2002, early in the morning during rush hour at the L'Enfant Plaza Metrorail Station after

a day of heavy snow and then, ice after temperatures dropped. The Plaintiff contends that the station was open for business and that WMATA employees were clearing other areas. Plaintiff alleges that, as a result of the failure to adequately clear all areas, the Plaintiff suffered serious personal injuries, pain and suffering, medical bills, lost wages and loss of consortium.

The Defendant contests these allegations and will put the Plaintiff to her burden of proof.

This suit is filed pursuant to 28 USC 1332 and 1391, since the parties are of different states and WMATA is located in the District of Columbia. WMATA contends that the Plaintiff's alleged basis for jurisdiction in this Court is erroneous. However, WMATA does concede that the Court has jurisdiction pursuant to the WMATA Compact, as codified at D.C. Code, 2001 Ed., § 9-1107.01(81).

                                  Respectfully Submitted,

                                  _____/s/_____
                                  Jeffrey C. Seaman, Esq. #466509
                                  Assistant General Counsel- WMATA
                                  600 Fifth Street, N.W.
                                  Washington, D.C.  20001
                                  (202) 962-1856

_____/s/_____
Charles Chester, Esq.  #17445
51 Monroe Place
Ste. 707
Rockville, MD  20850
(301) 294-2500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jackie McNeil | : | |
| | : | |
| and | : | |
| | : | CASE NO.  03 CV 01754 (RBW) |
| Reginald McNeil | : | |
| | : | |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| Washington Metropolitan Area Transit Authority | : | |
| | : | |
| Defendant. | : | |

## INITIAL SCHEDULING ORDER

UPON CONSIDERATION of the Report of the parties pursuant to Local Rule 16.3 and the record herein, it is this _____ day of _____, 2003

ORDERED that Initial Disclosures contemplated by FRCP 26(a)(1) shall be dispensed with pursuant to agreement of the parties;  however, the parties shall provide the information set forth in that Rule in response to specific discovery requests therefor.  It is further

ORDERED that the following schedule shall control the instant litigation:

Discovery Requests Served By:                     _____
                                                 January 12, 2004


Plaintiff's Identification of Experts            _____
Pursuant to FRCP 26(a)(1)                        January 26, 2004

| | |
|---|---|
| Defendant's Identification of Experts Pursuant to FRCP 26(a)(1) | _____ February 26, 2004 |
| Discovery Closes | _____ March 30, 2004 |
| Dispositive Motion Deadline | _____ May 14, 2004 |
| Oppositions to Dispositive Motions | _____ May 28, 2004 |
| Replies to Oppositions | _____ June 11, 2004 |

And it is further

ORDERED that the parties shall dispense with the requirement under Rule 26(a)(2)(B) that the experts provide a list of their trial and deposition testimony within the last four (4) years. The parties shall be free to inquire about these matters during deposition or trial examinations of said witnesses, however.  The parties shall provide all other expert witness information contemplated by FRCP 26(a)(2) in accordance with the Court's Scheduling Order.

_____
Honorable Reggie B. Walton
Judge, U.S. District Court for the
District of Columbia