UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTINA DEHART

    PLAINTIFF

V.                                0501445
                                  DAR

MARIA LOPEZ

## MEET AND CONFER STATEMENT

The Parties, through counsel, and pursuant to L. Cv. R. 16.3, submit the instant report of their meeting(s) of February 2 and March 2, 2006. A proposed Scheduling Order is attached herewith.

1. <u>Status of Dispositive Motions</u>:. Discovery must be completed before the parties can determine whether any motion is appropriate.

2. <u>Joinder / Amended Pleadings</u>: The Plaintiff has alleged that she fell due to dangerous and/or hazardous conditions at 3333 10th Avenue, SE, Washington, DC, which is owned by the Defendant. Unless the property in question was not common area, the Defendant has no plans to join a third party. After discovery, the parties may be able to stipulate or narrow this issue.

3. <u>Assignment to Magistrate Judge</u>: Both parties have agreed to the assignment of this case to a magistrate judge. The Plaintiff has demanded a jury trial.

4. <u>Settlement Possibility</u>: Because the presence of insurance was denied by the Defendant, an investigation will be now conducted after all disclosures are filed and settlement will be attempted, if possible.

1

5. ADR: Both parties are consenting to it taking place following initial disclosures, subject to the need for additional discovery and thus, its rescheduling to after the close of discovery.

6. Dispositive Motions: The parties agree that dispositive motions shall be filed by August 1, 2006 and after the close of discovery July 17, 2006. Any opposition to a dispositive motion must be filed within 14 days of the filing of the motion. Replies must be filed within 10 days of the service of the opposition.

7. Initial Disclosures: The parties agreed to the initial disclosure requirements of FRCP 26(a)(1) being met by made by April 7, 2006 and that anything not preliminarily supplied but, covered by the intent of this Rule can be supplemented in response to specific discovery requests. The parties will make expert disclosures pursuant to FRCP 26(a)(2) and no later than May 5, 2006 for the Plaintiff and June 5, 2006 for the Defendant or as otherwise designated in the Court's Scheduling Order.

8. Extent of Discovery: The parties agree that discovery requests should be served by June 12, 2006. Discovery should close by July 17, 2006. Interrogatories should be limited to 25 by the Plaintiff and 25 by the Defendant. The complete proposed schedule is:

a. Plaintiff's Identification of Experts pursuant to FRCP 26(a)(1): **May 5, 2006.**

b. Defendant's Identification of Experts pursuant to FRCP 26(a)(1): **June 5, 2006.**

c. Discovery Closes: **July 17, 2006.**

d. Dispositive Motions: **August 18, 2006.**

e. Opposition to Dispositive Motions: **14 days after filing of Dispositive Motions**

f. Replies to Oppositions: **10 days following the filing of Opposition**.

9. Experts: The parties agree to make expert disclosures consistent with the foregoing; except that parties agree to waive the requirement of FRCP 26(a)(2)B to list experts' trial and deposition testimony within the last four (4) years. The parties reserve the right to inquire about these matters, however, during deposition or trial examination of any expert witness.

10. Class Action Procedures: Not applicable.

11. Bifurcation of Discovery or Trial: The parties do not anticipate a need for bifurcation. However, they reserve the right to request same, should the evidence merit.

12. Proposed date for the Pretrial Conference: October 20, 2006, subject to confirmation at the next Status Conference.

13. Trial Date: December 11, 2006, or as close thereto as the Court's calendar permits and to be confirmed at the PreTrial Conference.

14. Statement of the Case: The Plaintiff alleges that she fell on August 1, 2004 in common or other areas under the ownership, control and/or responsibility of the Defendant. Plaintiff alleges that, as a result of the failure to adequately maintain and insure the safety of such areas both on steps and entranceways, she suffered serious personal injuries, pain and suffering, medical bills and lost wages.

The Defendant has either denied these allegations or otherwise contended that she has insufficient information to respond at this juncture.

This suit is filed pursuant to 28 USC 1332 and 1391, since the parties are

of different states and LOPEZ is located in the District of Columbia, the Defendant agrees that the Plaintiff's alleged basis for jurisdiction in this Court is not erroneous.

Respectfully Submitted,

_____/s/_____
Charles Chester, Esq. #17445
51 Monroe Place
Ste. 707
Rockville, MD 20850
(301) 294-2500
Counsel to Plaintiff


_____/s/_____
Earnest Franklin, Jr, Esq. #362396
8737 Colesville Road
Silver Spring, Maryland 20910
(301) 588-8036
Counsel to Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**CHRISTINA DEHART**

    **Plaintiff**

**V.**                         **0501445**
                                    **DAR**

**MARIA LOPEZ**

    **Defendant**

## INITIAL SCHEDULING ORDER

UPON CONSIDERATION of the Report of the parties pursuant to Local Rule 16.3 and the record herein, it is this _____ day of March, 2006,

ORDERED that the following schedule shall control the instant litigation:

1. Initial Disclosures contemplated by FRCP 26(a)(1) shall be completed by April 7, 2006 and supplemented as needed in response to discovery responses

2. Discovery Requests Served By: June 12, 2006.

3. Plaintiff's Identification of Experts: May 5, 2006,

Pursuant to FRCP 26(a)(1).

4. Defendant's Identification of Experts: June 5, 2006,

Pursuant to FRCP 26(a)(1).

5. Discovery Closes: July 17, 2006.

6. Dispositive Motion Deadline August 18, 2006.

7. Oppositions to Dispositive Motions September 1, 2006.

8. Replies to Oppositions: September 11, 2006.

9. The PreTrial shall take place on October 20, 2006, subject to confirmation at the next Status Conference.

10. The Trial shall take place December 11, 2006, or at a date as soon thereafter as the

    Court's calendar shall permit and to be confirmed at the PreTrial Conference.

And it is further

    ORDERED that the parties shall dispense with the requirement under Rule 26(a)(2)(B) that the experts provide a list of their trial and deposition testimony within the last four (4) years. The parties shall be free to inquire about these matters during deposition or trial examinations of said witnesses, however. The parties shall provide all other expert witness information contemplated by FRCP 26(a)(2) in accordance with the Court's Scheduling Order.

_____

Honorable Deborah A. Robinson,
United States Magistrate Judge,
U.S. District Court for the
District of Columbia